United States Court of Appeals,
Fifth Circuit.

No. 93-8081.

Lloyd B. SMITH, Plaintiff-Appellant,

v.

Raymond M. ALDINGERS, et al., Defendants-Appellees.

Aug. 27, 1993.

Appeal from the United States District Court for the Western District of Texas.

Before WIENER and EMILIO M. GARZA, Circuit Judges, and LITTLE[*], District Judge.

PER CURIAM:

In this civil rights action under 42 U.S.C. § 1983, Plaintiff-Appellant Lloyd B. Smith appeals the district court's dismissal of his complaint as frivolous, pursuant to 28 U.S.C. § 1915(d), and that court's revocation of his *in forma pauperis* status. We have granted Smith *in forma pauperis* status for purpose of this appeal and review the district court's determination that his claim was frivolous. When we do so we find that the district court incorrectly interpreted Smith's claim as one attempting to litigate a violation of another person's constitutional rights, and therefore we vacate the dismissal and remand for further consideration consistent with this opinion.

I

FACTS AND PROCEEDINGS

Smith, an inmate in the Texas Department of Criminal Justice Institutional Division, proceeding *pro se* and *in forma pauperis,* filed a § 1983 complaint alleging that prison officials inflicted cruel and unusual punishment on him in violation of his Eighth Amendment rights. The claim arose from an incident in the facility's kitchen involving Smith, another inmate (Richardson), and Defendant-Appellee Aldingers, a prison guard. According to Smith, Aldingers asked the two inmates to bring him an empty trash can. The two men obliged, walking over to a trash can which they found to be filled with pitchers. As the two inmates were removing the pitchers from the trash can for

[*]District Judge of the Western District of Louisiana, sitting by designation.

Aldingers, he approached them with a kitchen vegetable knife in hand, told Richardson to hold out his hand, then ran the blade across Richardson's hand, drawing blood. According to Smith, Aldingers then turned to Smith and asked "you want some of this too?" Smith alleges that he was frightened by this question (which he took to be a threat) and as a result has had to seek psychiatric counseling.

The district court reviewed Smith's claim on the same day that it was filed and concluded that Smith alleged no personal deprivation of his constitutional rights. The district court interpreted Smith's complaint as being urged on behalf of Richardson, the victim of the actual battery, rather than a complaint by Smith in his own right. The court reasoned that, as Smith alleged only that he "suffered [e]motional distress as a result of observing the violent event," he could not recover and his complaint was therefore frivolous. Accordingly, the court revoked Smith's *in forma pauperis* status and dismissed his claim as frivolous under 28 U.S.C. § 1915(d).

In a motion filed three days after the dismissal (but before service on any defendant) Smith requested leave to amend his complaint to add the warden as a defendant. The court denied the motion as the complaint had been dismissed. Smith timely appealed.

## II

## DISCUSSION

A. *Standard of Review*

28 U.S.C. § 1915(d) allows a court to dismiss *sua sponte* a complaint filed *in forma pauperis* if the complaint is frivolous. A complaint is " "frivolous whe[n] it lacks an arguable basis either in law or in fact.' "[1] We review a § 1915(d) dismissal for abuse of discretion.[2]

B. *Eighth Amendment Violation*

The district court clearly erred when it concluded that Smith failed to allege his own constitutional violation. His complaint expressly alleges that the guard's threat at knifepoint, directed to Smith, constitutes cruel and unusual punishment in violation of *his* Eighth Amendment rights, not

---

[1] *Denton v. Hernandez,* --- U.S. ----, ----, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (quoting *Nietzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

[2] *Id.* at ----, 112 S.Ct. at 1734.

Richardson's. As Smith admittedly suffered no physical contact or physical injuries, the legal question his case presents is whether the Eighth Amendment prohibition against cruel and unusual punishment covers purely psychological injury. As the district court failed totally to consider this claim, we are bound to find an abuse of discretion in the court's dismissal of the claim as frivolous. Consequently, we must remand for consideration of this claim.

When, on remand, the district court considers Smith's claim, and the res nova issue it presents in this Circuit, it should do so in light of the Supreme Court's opinion in *Hudson v. McMillian*[3] (including Justice Blackmun's concurrence which addresses the issue of psychological harm), as well as that case's progeny in other circuits.[4] We express, however, no opinion as to the merits of Smith's claim or the extent to which he might or might not have pleaded a claim on which recovery can be had, i.e., whether, absent physical contact, purely emotional injuries are cognizable in this Circuit as violative of the Eighth Amendment.

The district court's dismissal under 28 U.S.C. § 1915(d) and its revocation of Smith *in forma pauperis* status are VACATED and the case is REMANDED for proceedings consistent with this opinion.

---

[3] --- U.S. ----, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

[4] *E.g., Strickler v. Waters,* 989 F.2d 1375 (4th Cir.1993) (if pain results in a serious emotional injury there is a cognizable Eighth Amendment claim under § 1983); *Jordan v. Gardner,* 986 F.2d 1521 (9th Cir.1993) (psychological harm from cross-gender clothed body search a viable Eighth Amendment claim under § 1983); *Northington v. Jackson,* 973 F.2d 1518 (10th Cir.1992) (death threats accompanied with brandishment of weapon creates a cognizable Eighth Amendment claim).