**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-20285
Summary Calendar
_____


DON KELLY GRAVES, JR.,

Plaintiff-Appellant,


VERSUS

JOHN DOE, Lt., et al.,

Defendants-Appellees.



_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-95-226)
_____

January 16, 1996

Before KING, SMITH, and BENAVIDES, Circuit Judges.


JERRY E. SMITH, Circuit Judge:[*]

Prison inmate Kelly Graves appeals the dismissal of his *pro se*, *in forma pauperis* (IFP) civil rights action under 42 U.S.C. § 1983 as frivolous. A frivolous IFP complaint can be dismissed *sua sponte*. 28 U.S.C. § 1915(d). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 24, 32-33 (1992). We review the dismissal for abuse of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion.  *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

Graves's complaint alleges that five unnamed guards subjected him to cruel and unusual punishment.  Specifically, he claims that the guards' delay in providing him medical attention after he suffered an involuntary bowel movement demonstrated deliberate indifference to his serious medical needs.  Graves's other complaint is that the guards subjected him to cruel and unusual punishment when they ridiculed him in front of the other prisoners for his medical condition.[1]

The district court correctly dismissed Graves's complaint for denial of medical care.  The guards' conduct did not amount to deliberate indifference to Graves's serious medical needs.  At most, their conduct can be characterized as a delay that did not affect his medical condition.  As the district court explained,

> To state a claim under 42 U.S.C. § 1983 for the denial of medical care, the plaintiff must at least show that he has suffered deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).  The prison official must know of and disregard an excessive risk to inmate health or safety, meaning that he must be aware of facts from which an inference could be drawn and he must draw the inference. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).
>
> Graves's allegations are that shortly after he arrived at the Holliday Unit, he was taken to the hospital to explain his medical condition.  The incident he complains of occurred on his first morning at the Unit.  After he had soiled himself, Graves was returned to the hospital as soon as he was cleaned up.  Graves's deprivation of medical care complaint is essentially that the guards did not immediately take him to a bathroom

---

[1] Graves was born without a rectum and sphincter muscle and, as a result, he is required to "self-catheterize" four times a day.  He also suffers from involuntary bowel movements.

during the inmates' breakfast. Assuming that Grave's description of the events is correct, it does not state a claim for wanton and deliberate punishment under the Eight Amendment. *See Estelle*, 429 U.S. at 106 (to state a cognizable claim, a prisoner must allege acts of omissions sufficiently harmful to evidence deliberate indifference to serious medical needs).

The district court correctly dismissed Graves's other complaint that the guards ridiculed him and invited the inmates to do so as well. The court found that Graves suffered no harm other than the verbal harassment itself, and dismissed the complaint because mere allegations of verbal abuse do not state a claim under § 1983. *See Lawson v. Stevens*, No. 94-60852 (5th Cir. June 30, 1995) (unpublished); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998 (1983).

Although "it is an open question in this circuit whether the Eight Amendment protects individuals against psychological injury," *Lawson,* at 2; *Smith v. Aldingers*, 999 F.2d 109, 110 (5th Cir. 1993) (remanding for consideration of whether, in the absence of any physical contact or injury, psychological harm resulting from an assault at knifepoint can violate the Eight Amendment), *de minimis* psychological injury is not sufficient to state a claim under § 1983. *Stitt v. Collins*, No. 94-40910 (5th Cir. Aug. 9, 1995) (unpublished) (denying relief when the alleged injury is a feeling of intimidation).

We agree with the district court that Graves has simply alleged verbal harassment. Any injury he suffered can be de-scribed, at most, as *de minimis* psychological injury. Graves's self-serving statements, i.e., that he could not believe that

"grown men in positions of authority could act that way" and that the guards' alleged  harassment reminded him of teasing he suffered as a child, are insufficient to demonstrate that he suffered any cognizable injury.  Like the plaintiff in *Stitt*, Graves can demonstrate only that he felt some vague sense of emotional letdown after the incident.  This does not rise to the level of the knifepoint assault at issue in *Smith*.  We conclude that Graves did not state a claim under the Eighth Amendment.

AFFIRMED.