Revised September 16, 1998

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30983

Citizen Action Fund d/b/a Louisiana Citizen Action,

Plaintiff-Appellant,

VERSUS

City of Morgan City,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana

September 3, 1998

Before DeMOSS, PARKER, and DENNIS, Circuit Judges

PER CURIAM:

This is a 42 U.S.C. § 1983 action for damages and declaratory relief by Citizen Action Fund (Citizen Action), a public interest organization, against the City of Morgan City. Citizen Action alleged that the city violated its rights under the free speech clause of the First Amendment by threatening to enforce an ordinance prohibiting uninvited commercial solicitations at private

1

residences between 5:30 p.m. and 8:30 a.m. if Citizen Action were to canvass residences during those hours for non-commercial public environmental and consumer causes. The district court granted Morgan City's motion for summary judgment upholding the constitutionality of the ordinance as applied to Citizen Action's proposed canvassing activities on the grounds that Citizen Action could not challenge the city's unconstitutional application of the ordinance because Citizen Action also contended that, as correctly interpreted, the ordinance did not apply to its proposed exercise of free speech at all. We reverse and remand the case to the district court for further proceedings.

I.

Citizen Action Fund is an Ohio-based corporation doing business in Louisiana under the name Louisiana Citizen Action. Citizen Action is a non-partisan organization which engages in lobbying activities and the education of the public on various environmental and consumer issues. Citizen Action uses a grass-roots approach by canvassing individuals door to door. It uses this approach for the purpose of "disseminating information on matters of public importance to citizen, building political support for various legislative proposals and policies, obtaining signatures and memberships, and raising funds to further its informational and public-interest purposes." (Petitioner's Brief at 5).

In early 1994, Citizen Action began investigating the possibility of canvassing residents of Morgan City, Louisiana. Kendall Jackson, the staff director for Louisiana Citizen Action, communicated with several officials in Morgan City about the existence and content of a city ordinance which regulated "solicitation" for "the purpose of soliciting orders for the sale of goods, wares and merchandise." (Ordinance No. 90-8, § 9-6). Mr. Jackson communicated with Morgan City Mayor Tim Matte, City Attorney Dale Hayes, and Police Chief Danny Dossett about whether Citizen Action's canvassing operation would be "solicitation" under the ordinance and thus subject to the law's prohibition on such activities after 5:30 p.m. Citizen Action wanted to canvass door to door after 5:30 p.m. because most individuals are not home from their jobs before that time.[1]

---

[1]These provisions of the ordinance provided:

(a) Solicitation, the practice of going in and upon private residences in the city by solicitors, peddlers, hawkers, itinerant merchants or transient vendors of merchandise not having been requested or invited to do so by the owner or owners, occupant or occupants of said private residence for the purpose of soliciting orders for the sale of goods, wares and merchandise and/or disposing of and/or peddling or hawking the same without first having applied for and having received a city permit from the tax collector to do so, is declared to be a nuisance and punishable as a misdemeanor.

* * *

(c) All permits issued as provided for by this section shall be valid between the hours of 8:30 a.m. and 11:30 a.m. and 1:30 p.m. and 5:30 p.m. No solicitor, peddler, hawker, itinerant merchant or transient vendor shall go in or upon private residences other than at the hours stated herein unless an appointment has been made by the occupant of a private residence for a time other than that as provided

3

Citizen Action contended that its activities did not constitute solicitation under the city ordinance and thus that it should not be prohibited from canvassing Morgan City residents after 5:30 p.m. Nonetheless, Kendall Jackson was informed by each of the Morgan City officials that they interpreted the ordinance as applicable to the proposed canvassing operation of Citizen Action. Mr. Jackson was informed by Mayor Matte that the ordinance would be enforced against Citizen Action unless it could obtain an exemption from the City Council of Morgan City.[2]

On March 16, 1995, Citizen Action filed suit against Mayor Matte and Morgan City, alleging that the ordinance was unconstitutional, both as written and as applied to Citizen Action.[3] Although Citizen Action never conducted any door to door canvassing in Morgan City, the organization contends that the ordinance was unconstitutionally applied to it because of the threat of enforcement. The defendants moved for partial summary judgment on the constitutionality of the ordinance on its face. The plaintiff moved for partial summary judgment on both the facial

herein.

Ordinance 90-8,§ 9-6.

[2]The punishment established by the ordinance is "a fine not exceeding five hundred dollars ($500.00) or imprison[ment] not more than six (6) months or by both such fine and imprisonment within the discretion of the court." Ordinance No. 90-8, § 1.

[3]The district court granted a motion by Citizen Action dismissing with prejudice all claims against Mayor Matte.

4

and "as applied" constitutionality of the law.

In a telephone status conference with the respective attorneys, the district judge suggested that Citizen Action's activities might not be covered by the ordinance as written. The judge then told counsel that the city could amend the ordinance in order to include canvassing operations such as Citizen Action's. Shortly thereafter, upon a representation by the city's attorney that such a change would be forthcoming, the district judge dismissed the summary judgment motions as moot. In November 1996, Morgan City amended its ordinance to add a section making it applicable to uninvited non-commercial door to door canvassing.[4] After the plaintiff filed a supplemental complaint, the parties subsequently filed new summary judgment motions putting at issue the constitutionality of both the original and amended ordinances and the unconstitutional application of the original ordinance.

The district court granted the defendants' motion for summary

---

[4]The new section of the ordinance stated, in part:

(g) Door-to-door canvassing in or upon private residences, by persons who have not been invited to do so by the owner or occupant of the residence for the purposes other than the solicitation of orders for the sale of goods, wares, and merchandise and/or disposing of and/or peddling or hawking the same, shall not be subject to the requirements of sub-section (e) of this Section. Persons engaged in door-to-door canvassing as described in this sub-section shall be subject to the fee and permit requirements, limitations, and penalties of sub-sections (b), (c), (d), and (f) of this Section.

Ordinance 90-8, § 9-6(g). Section (e), referred to above, required applicant to furnish a performance bond.

judgment and denied the summary judgment motion of the plaintiff. In a memorandum ruling, the district court ruled that the original ordinance was constitutional both as applied and as written. In addition, the district court also ruled that the amended ordinance was constitutional as written.

In the present appeal, Citizen Action appeals only the district court's ruling that the original ordinance had not been applied in violation of Citizen Action's First Amendment rights.

II.

This Court's standard of review for cases dismissed on a motion for summary judgment is *de novo*. Wallace v. Texas Tech Univ., 80 F.3d 1042 (5th Cir. 1996).

On appeal, the defendant argues that Citizen Action does not have standing to challenge the original Morgan City ordinance because "Citizen Action can point to no federally protected right of which it was deprived by Morgan City's 'threat' to enforce" the law. (Defendant's Brief at 10). Apparently this standing issue was not raised in the district court. Although new issues cannot generally be raised on appeal, Boddie v. City of Columbus, 989 F.2d 745, 751 (5th Cir. 1993), "'[s]tanding represents a jurisdictional requirement which remains open to review at all stages of the litigation.'" In re Taxable Municipal Bond Securities Litigation,

6

51 F.3d 518, 521 (5th Cir. 1995) (quoting National Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 255, 114 S. Ct. 798, 802, 127 L. Ed. 2d 99 (1994)).

The standing challenge advanced by defendant can be disposed of easily. Section 1983 confers no substantive rights but only provides a cause of action to obtain "redress" for the violation of federal rights. In other words, one must look somewhere besides 42 U.S.C. § 1983 in order to determine whether a right protected by federal law has been violated. Here, the law of the First Amendment is clear that a statute can be challenged prior to any enforcement action so long as there is a credible threat of prosecution. Virginia v. American Booksellers Association, 484 U.S. 383, 392-93 (1988); Steffel v. Thompson, 415 U.S. 452, 459 (1974). *See also* Chamber of Commerce v. Federal Election Commission, 69 F.3d 600, 603-04 (D.C. Cir. 1995) ("A party has standing to challenge, pre-enforcement, even the constitutionality of a *statute* if First Amendment rights are arguably chilled, so long as there is a credible threat of prosecution."). Allowing pre-enforcement challenges to laws that touch upon First Amendment freedoms is necessary to ensure that no chilling effect on speech occurs because of a fear of prosecution. As this court has stated, "To insist that a person must break the law in order to test its constitutionality is to risk punishing him for conduct which he may have honestly thought was constitutionally protected. Not only is

7

this prima facie unfair, but it discourages people from engaging in protected activity and enforcing constitutional rights." International Society for Krishna Consciousness v. Eaves, 601 F.2d 809, 821 (5th Cir. 1979).

In the present case, there is ample evidence in the record to suggest that even though Citizen Action did not believe it was covered by the original ordinance, Citizen Action had every reason to believe that the Morgan City officials interpreted the ordinance to encompass the plaintiff's proposed canvassing activities and that the officials would enforce the ordinance against Citizen Action and its members if they engaged in those activities. Given the fact that Citizen Action's door to door contact with residents on environmental and consumer issues is speech protected by the First Amendment, Citizen Action has standing to challenge the constitutionality of the original ordinance prior to any enforcement action because of the credible threat of prosecution.

Before reaching the question of whether the plaintiff has a cause of action under Section 1983, one must first address the antecedent question of whether Citizen Action's rights under the First Amendment were violated. *See* County of Sacramento v. Lewis, 118 S. Ct. 1708, 1714 n.5 (1998) ("As in any action under § 1983, the first step is to identify the exact contours of the underlying right said to be violated."). It is necessary to recall what is at issue in this appeal. Citizen Action is only appealing the

8

district court's grant of summary judgment on the constitutionality of the original ordinance "as applied." It is not appealing the grant of summary judgment upholding the constitutionality of the original ordinance "as written." Nor is Citizen Action appealing the district court's grant of summary judgment upholding the constitutionality of the newly amended ordinance "as written."[5] Thus, the issue in the present case is whether Citizen Action's rights were violated by the application of the original ordinance.

The answer to this question depends upon a more intricate formulation of the same question: Can the mere threat of enforcing the city ordinance against Citizen Action be an unconstitutional violation of its First Amendment rights, even where the ordinance itself has been upheld as constitutional? That is, can threats to violate constitutional rights be actionable under Section 1983?

The Fifth Circuit has concluded that mere threats are not *per*

---

[5]The district court ruled that the revised ordinance did not place an unacceptable burden upon free speech and was therefore constitutional under a time, place, and manner analysis. Memorandum Ruling at 22-24.

As for the original version of the Morgan City ordinance, the district court argues that it was constitutional on its face because if the revised, more restrictive version of the ordinance is constitutional, then the original version must be constitutional as well. The court also relied upon *Breard v. City of Alexandria*, 341 U.S. 622 (1951), a decision that upheld a total ban on door to door solicitation. While *Breard* can be distinguished from the present case because of the profit-making focus of the solicitation at issue there, it is also likely that *Breard* would not be embraced by the Supreme Court of today. *See* City of Watseka v. Illinois Public Action Council, 479 U.S. 1048 (1987) (affirming Seventh Circuit decision invalidating a city ordinance that limited solicitation to the hours of 9:00 a.m. to 5:00 p.m.).

9

*se* violations of constitutional rights: "Threats alone are not enough. A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation." Lamar v. Steele, 698 F.2d 1286, 1286 (5th Cir. 1983) (per curiam).

What threats constitute a constitutional deprivation differs from issue to issue and from circuit to circuit. Under the Eighth Amendment, there is an ongoing dispute as to whether threats by prison officials against inmates are, by themselves, enough to establish constitutional violations. Most of these cases are very fact specific. Some circuits have held that real threats by prison guards do confer standing under Section 1983, Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986), while others have ruled that "it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong." Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). The Fifth Circuit, aware that not all injuries are physical, has yet to rule on "whether, absent physical contact, purely emotional injuries are cognizable in this Circuit as violative of the Eighth Amendment." Smith v. Aldingers, 999 F.2d 109, 110 (5th Cir. 1993) (per curiam).[6]

Despite these vicissitudes in other areas of constitutional

---

[6]Under the Fourteenth Amendment, this circuit has recognized a substantive due process right and a § 1983 remedy for emotional harms even in the absence of physical injuries. Petta v. Rivera, 143 F.3d 895, 900-01 (5th Cir. 1998) (per curiam). *See* County of Sacramento v. Lewis, 118 S. Ct. at 1714-16 (describing availability of substantive due process when injuries are not covered by any specific constitutional provision).

law, the rights protected by the First Amendment are different. Threats of unconstitutionally enforcing laws against individuals can lead to a chilling effect upon speech, silencing voices and opinions which the First Amendment was meant to protect. Speaking of the First Amendment, Justice Brennan's words in *NAACP v. Button* remain the bedrock of the law in this area: "These freedoms are delicate and vulnerable, as well as supremely precious in our society. The threat of sanctions may deter their exercise almost as potently as the actual application of sanctions." NAACP v. Button, 371 U.S. 415, 433 (1963). *See also* Virginia v. American Booksellers Association, 484 U.S. 383, 393 (1988) ("the alleged danger of this statute is, in large measure, one of self-censorship; a harm that can be realized even without an actual prosecution"). As this circuit has recognized, threats affect individuals' constitutional freedoms "by causing them to exercise their first amendment rights less forcefully than they otherwise would." International Society for Krishna Consciousness, 601 F.2d at 824. *See also* 754 Orange Ave., Inc. v. City of West Haven, 761 F.2d 105 (2d Cir. 1985) (holding that city's threat to enforce its zoning and licensing ordinances against adult bookstore amounted to an impermissible prior restraint).

Applying these principles to the present case, we conclude that Citizen Action's constitutional rights were infringed by the threatened enforcement of the Morgan City ordinance against it.

11

Given the fact that the original ordinance addressed only the "soliciting [of] orders for the sale of goods, wares and merchandise" and that Citizen Action's public interest activities in support of environmental and consumer causes were not reasonably included within that definition, the threat by the city to prosecute Citizen Action for conduct not made illegal by the ordinance was an unlawful application of that law to intentionally deter and prevent the exercise of free speech in violation of the First Amendment.

The district court erroneously concluded that Citizen Action had not challenged the Ordinance as applied because "by Citizen Action's own allegation the Ordinance did not apply to Citizen Action." Memorandum Ruling at 25. Whether Citizen Action believed that its activities were included within the original ordinance's language is not determinative of whether its rights of free speech were violated. It is the Morgan City officials' interpretation of the ordinance and threats to act on that interpretation that matter. Each city official involved told the plaintiff's representative that Citizen Action's proposed activities constituted "solicitation" under the ordinance and that the ordinance would be enforced against it. Thus, the city threatened to enforce the ordinance in an unconstitutional manner giving rise to a cognizable action based on an "as applied" constitutional challenge. *See* Steffel v. Thompson, 415 U.S. at 475 (holding

12

declaratory relief available "when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement . . . whether an attack is made on the constitutionality of the statute on its face or as applied"). Indeed, as Justice Scalia has observed, an "as applied" challenge exists when "the plaintiff contends that application of the statute in the particular context . . . in which he proposes to act[] would be unconstitutional." Ada v. Guam Society of Obstetricians, 506 U.S. 1011, 1011 (1992) (Scalia, J., dissenting from a denial of certiorari).

We therefore reverse the district court's grant of summary judgment dismissing Citizen Action's § 1983 action based on the city's unconstitutional application of the ordinance in violation of the plaintiff's First Amendment rights.

The plaintiff seeks declaratory relief, compensatory damages, and attorneys' fees in this lawsuit. While the claims for compensatory damages and attorneys' fees can go forward, we hold that the claim for declaratory relief is moot. In order to grant declaratory relief, there must be an actual, ongoing controversy. *See* Gulf Publishing Co. v. Lee, 679 U.S. 45 (1982) (declaratory judgment claim mooted after finding no actual, ongoing controversy); Ellis v. Dyson, 421 U.S. 426, 434 (1975) (holding that Article III and the Declaratory Judgment Act require that dispute "must be shown to be alive at each stage of the

13

litigation"). As a leading commentator in this field observes, the Supreme Court "requires that a litigant show that the requested declaratory or injunctive relief would make a practical difference if granted." 1 Sheldon H. Nahmod, Civil Rights and Liberties Litigation § 5.05, at 374 (3d ed. 1991). Indeed, the Declaratory Judgment Act requires that there be "a case of actual controversy" between the parties. 28 U.S.C. § 2201. Here, since Morgan City amended the city ordinance to apply to non-commercial canvassing activities in addition to commercial solicitation, the original ordinance has been superseded and, thus, there is no continuing dispute as to its interpretation. As a result, the declaratory relief claim must be dismissed as moot.

The decision of the district court is REVERSED and the case is REMANDED to the district court for further proceedings consistent with this opinion.